BENEQUIT v. NEW YORK & NEW JERSEY REAL ESTATE IMPROVE-
MENT CO.

(Supreme Court, Appellate Division, First Department.   January 19, 1912.)

BROKERS (§ 82\*)—EMPLOYMENT CONTRACTS—COMPLAINT FOR BREACH—SUFFI-
   CIENCY.
   A complaint pleading plaintiff's employment as a broker to sell land for commission on amounts collected by him from purchasers, under agreement that defendant should give at least one week's notice in writing to plaintiff of its intention to cancel any contract procured by him for default by purchasers, and alleging cancellation, without notice to him, of contracts procured by him, and claiming as damages the percentage which he would have received on payment by the purchasers of the unpaid installments, etc., is sufficient as against demurrer, though it fails to allege the financial ability of the purchasers to pay the unpaid installments.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 101; Dec. Dig.
   § 82.\*]

Appeal from Special Term, New York County.

Action by Isaac A. Benequit against the New York & New Jersey Real Estate Improvement Company. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John L. Bernstein, for appellant.
Morris Hillquit, for respondent.

LAUGHLIN, J. The action is brought to recover damages for breaches of a contract by which the plaintiff was employed by the defendant as a canvasser and broker to sell real estate. The complaint contains 16 counts for that number of alleged breaches of the con-

tract. The defendant demurred to each cause of action upon the ground that facts sufficient to constitute a cause of action were not stated. The contract of employment was in writing, and a copy of it is made a part of the complaint. The defendant was desirous of selling land on contract; payments to be made in installments. The agreement with respect to compensation was to pay plaintiff a commission of 90 per cent. "on all the amounts actually collected by him from purchasers procured by him, and paid in each week * * * up to and until such time as such commissions will amount to fifty per cent. (50%) of the net purchase price agreed to be paid" to defendant by purchasers procured by plaintiff; and it was provided that in the event of the failure of any purchaser procured by plaintiff to pay an installment of the purchase price of the land as provided in the contract of sale, and the defendant should for that reason cancel the contract, the commissions of the plaintiff "shall be equal to seventy-five per cent. (75%) of all sums of money paid by such purchaser until the cancellations of their said contracts of sale, and any excess of commissions drawn by him on such sales shall be repaid." It was expressly agreed that defendant should give "at least one week's notice in writing" to plaintiff of its intention to cancel any contract procured by him "for default in the payment of the weekly or other periodical installments of the purchase price, as provided for in such contract, and unless such notice is given, such contract of sale shall be deemed in full force and effect." The plaintiff alleges in each count the cancellation without notice to him of a contract for the sale of land procured by him and the contract price thereon; and claims as damages the percentage of the contract price with respect to the unpaid installments to which he would have been entitled had the contract been fully performed by the party who agreed to purchase the land; or, in other words, 50 per cent. of the net purchase price agreed to be paid.

If the contracts had not been canceled, they are deemed as between plaintiff and defendant to be still in full force, but it is not to be conclusively presumed that payment of all the unpaid payments would have been made thereon; and yet, without even alleging the financial ability of the purchasers to pay or the collectibility of the claims against them for the unpaid installments, that is the theory on which the plaintiff seeks to recover. The object of the clause in the contract requiring a week's notice to the plaintiff before cancellation for failure to pay an installment was to enable plaintiff to intercede, with the purchasers whom he had obtained, to keep up the payments; and failure to give this notice constitutes a breach of the contract. It would be too speculative to allow an inquiry to be instituted with respect to whether the plaintiff, had he received notice in each instance, would have been able to induce the purchaser to make the payments, on account of default of making which the contract was canceled; but he may be able to show that the unpaid installments could have been collected by action, and possibly on that theory he may be entitled to recover substantial damages; but it is not necessary to decide that question now. Each cause of action sets forth a

breach of the contract, and the plaintiff is in any event entitled to nominal damages on each count, and that is sufficient to sustain his complaint against the demurrer.

It follows that the judgment should be reversed, with costs to appellant, and the demurrer overruled, with costs, with leave to defendant to withdraw its demurrer and to answer on payment of costs of the appeal and at Special Term. All concur.